Delbosque v. USA — Doc. 2

Case 4:05-cv-04172-LLP   Document 2   Filed 11/14/2005   Page 1 of 2
Case 4:04-cr-40114-LLP   Document 55   Filed 10/27/2005   Page 1 of 2

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
OCT 27 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04-40114 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| GENARO DEL BOSQUE, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a Motion for Out of Time Appeal, Doc. 54, seeking leave of the Court to allow him to file a notice of appeal despite the expiration of the time to file a direct appeal. He contends he asked his court-appointed attorney in this case to file a direct appeal but that his attorney did not file the appeal.

The sentencing hearing for the Defendant was held on May 2, 2005, and the Judgment was filed on May 3, 2005. A notice of appeal was not filed. Defendant's motion to file a late appeal was filed on October 24, 2005. Federal Rule of Appellate Procedure 4(b)(1) required the Defendant to file a notice of appeal within 10 days of the entry of the judgment. The Court has authority under Federal Rule of Appellate Procedure 4(b)(4) to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Thus, in this case, the Court had jurisdiction to grant an extension of time that would have given Defendant up to 40 days after the entry of the judgment to file a direct appeal. Given that Defendant's motion was filed well beyond the 40 days during which the Court could have granted the extension, the Court no longer has jurisdiction to allow Defendant to file a notice of appeal.

Although Defendant is barred from filing a direct appeal, the Court will give Defendant the option of having the present motion construed as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The Eighth Circuit has held that, "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." *Estes v. United States*, 883 F.2d 645, 648-49 (8th Cir. 1989). Accordingly,

IT IS ORDERED that if Defendant wants to have the Motion for Out of Time Appeal, Doc. 54, construed as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, he shall so inform the Court on or before November 28, 2005 or the motion will be denied.

Dated this 27th day of October, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margnlud*
(SEAL)     DEPUTY

2