```
                                                    FILED
     UNITED STATES DISTRICT COURT                  FEB 0 1 2006
         DISTRICT OF SOUTH DAKOTA
             SOUTHERN DIVISION
```


```
******************************************************************
                                *
GENARO DEL BOSQUE,              *     CIV 05-4172
                                *     CR 04-40114
              Movant,           *
                                *
       -vs-                     *     MEMORANDUM OPINION
                                *     AND ORDER
UNITED STATES OF AMERICA,       *
                                *
              Respondent.       *
                                *
******************************************************************
```

With Movant's consent, his Motion for Out of Time Appeal, Doc. 54 in CR 04-40114, was construed as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The government filed a response to the motion. For the reasons set forth below, an evidentiary hearing will be held in this case.

## BACKGROUND

On February 16, 2005, Movant pleaded guilty to a charge of conspiracy to distribute cocaine pursuant to a written plea agreement. The Plea Agreement set forth the penalties applicable to this charge, which included a mandatory minimum sentence of imprisonment of 10 years and a potential maximum sentence of life in prison. Included in the Plea Agreement was a waiver of Movant's appeal rights.[1]

---

[1] The appeal waiver in this case provides that:

The defendant hereby waives any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742. The parties agree that expressly excluded from this waiver of defenses and appeal rights is the defendant's right to appeal the sentence for a determination of "reasonableness" should the Court impose a sentence above the advisory guideline range established by the Court for the offense.

Movant was sentenced on May 2, 2005, which occurred after the issuance of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The Court stated it was not bound by the United States Sentencing Guidelines, but they were considered by the Court. The factors set forth in 18 U.S.C. § 3553(a) were also considered by the Court in sentencing Movant. The presentence report recommended a four-level increase in Movant's advisory guideline offense level for leadership in the conspiracy. Despite Movant's objection to the enhancement raised in the presentence report and at the sentencing hearing, the Court found it applicable, which resulted in an advisory guideline range of 135 to 168 months' imprisonment. The sentence imposed was 135 months' imprisonment.

In his motion, Movant claims that when he did not receive the sentence he was told he would receive by defense counsel, he instructed his attorney to file a notice of appeal on his behalf. Nearly a year later, Movant contacted defense counsel to inquire about the status of his appeal because he had not heard anything from defense counsel. According to Movant, defense counsel said he could not remember if Movant asked him to file a notice of appeal, but that there was nothing he could do about it at that point. In his reply brief, Movant contends that defense counsel informed him he would receive a 120-month sentence.

Movant further contends his sentence is illegal because it was imposed in violation of his Sixth Amendment rights. He contends that the four-level leadership enhancement under the Guidelines was unconstitutional in light of the Supreme Court's decision in *Booker* and *Blakely v. Washington*, 542 U.S. 296 (2004). In his reply to the Government's motion to dismiss, Movant alleges his counsel rendered ineffective assistance by failing to object to the leadership enhancement pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He further claims that the maximum sentence established by the Plea Agreement was 120 months.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

Movant contends that he asked his attorney to file a notice of appeal in this case and that his failure to do so amounted to ineffective assistance of counsel. The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). A person alleging ineffective assistance of counsel must ordinarily show that counsel's performance fell below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) In cases where a movant has requested that his attorney file a notice of appeal but the attorney fails to file a notice of appeal, however, the movant is not required "to show that he was prejudiced by his attorney's failure to file a timely notice of appeal." *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982). Moreover, the movant is not required to "specify the points he would raise on appeal in order to make a showing of ineffective assistance of counsel where no notice of appeal was filed." *Id.*

The Court finds that Movant is entitled to an evidentiary hearing. Movant contends he informed his attorney to file a notice of appeal. This claim presents a factual question that cannot be resolved upon the files and records of the case. *See Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989) (remanding the case for an evidentiary hearing on the question of whether the movant requested his counsel to file an appeal); *Solis v. United States*, 252 F.3d 289, 294-95 (3rd Cir. 2001) (holding that an evidentiary hearing is required by § 2255 where the movant contends he instructed his attorney to take an appeal but a notice of appeal was not filed); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005) (holding that movant was entitled to an evidentiary hearing where the § 2255 movant claimed he informed his attorney to file a notice of appeal but the attorney refused). If the Court determines that Movant did ask his attorney to file a notice of appeal, then he must be given the opportunity *nunc pro tunc* to pursue a direct appeal. *See Hollis*, 687 F.2d at 259 (holding that the proper procedure to be followed if defense counsel failed to file a notice of appeal

3

after being asked to do so by a criminal defendant "is to vacate the sentence and ... resentenc[e], the time for appeal then commencing to run from the date of the resentence."); *Solis*, 252 F.3d at 295.

The government argues that because Movant waived his appeal rights "it does not matter if after the sentencing, he asked his attorney to appeal." (Doc. 7.) The government did not, however, reconcile this argument with the established law that Movant's likelihood of success on appeal is not a factor in determining whether he received ineffective assistance of counsel where his counsel did not take an appeal after being asked to do so. *See Hollis*, 687 F.2d at 259 (holding that "no showing of prejudice or likelihood of success on [an appeal] need be made to show ineffective assistance of counsel for failure to file a timely appeal."). Although the Court did not locate an Eighth Circuit case directly on point, other circuit courts of appeals have held that an appeal waiver in a plea agreement does not defeat a claim of ineffective assistance of counsel for failure to file a notice of appeal when so directed by the criminal defendant. *See United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005) (holding that if a criminal defendant asked counsel to take an appeal and counsel ignored the request, the defendant would be entitled to a delayed appeal regardless of a plea agreement waiving many of the defendant's appellate rights.); *Sandoval-Lopez*, 409 F.3d at 1197-98 (same); *Carrion v. United States*, 107 F.ed.Appx. 545, 2004 WL 1859346 (6th Cir. 2004) (unpublished) (same); *Heiss v. United States*, 24 Fed.Appx. 599, 2001 WL 1518822 (7th Cir. 2001) (unpublished) (same). The Court finds these cases persuasive. Accordingly,

IT IS ORDERED

1. That an evidentiary hearing will be held on March 6, 2006, at 11:00 A.M., to determine whether Genaro Del Bosque asked his attorney, David Palmer, to file a notice of appeal.

2. That the United States Marshal's Service will transport the Movant Genaro Del Bosque from the Federal institution in which the Movant currently resides, that being the Federal Correctional Institution-Bastrop, PO Box 1010, Bastrop, Texas, for the purpose of the evidentiary hearing.

3. That the Clerk of Courts shall serve a copy of this Memorandum Opinion and Order upon Mr. David Palmer, 141 North Main Avenue, #305, Sioux Falls, South Dakota 57104.

Dated this 1ST day of February, 2006.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
    (SEAL)    DEPUTY

5