UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED

MAR 08 2006

CLERK.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| GENARO DEL BOSQUE, | * | CIV 05-4172 |
| | * | CR 04-40114 |
| Movant, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

With Movant's consent, his Motion for Out of Time Appeal, Doc. 54 in CR 04-40114, was construed as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The government filed a response to the motion. An evidentiary hearing was held on March 6, 2006, with Movant appearing in person and the Respondent appearing by Assistant United States Attorney John Haak. Movant was the only witness to testify at the hearing.

The purpose for holding an evidentiary hearing in this case was to determine whether Movant asked his counsel to file a notice of appeal in his criminal case. During the evidentiary hearing, Movant admitted under oath that he did not ask his attorney, David Palmer, to file a notice of appeal in his criminal case, *United States v. Del Bosque*, CR 04-40114 (D.S.D.). Based upon the testimony of Movant during the evidentiary hearing, it is clear that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel for failure to file a notice of appeal.

Additional grounds for relief were stated in Movant's motion but were not addressed during the evidentiary hearing. Movant contends his sentence is illegal because it was imposed in violation of his Sixth Amendment rights. He contends that the four-level leadership enhancement under the

Guidelines was unconstitutional in light of the Supreme Court's decision in *Booker* and *Blakely v. Washington*, 542 U.S. 296 (2004). In his reply to the Government's motion to dismiss, Movant alleges his counsel rendered ineffective assistance by failing to object to the leadership enhancement pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He further claims that the maximum sentence established by the Plea Agreement was 120 months.

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

On February 16, 2005, Movant pleaded guilty to a charge of conspiracy to distribute cocaine pursuant to a written plea agreement. The Plea Agreement set forth the penalties applicable to this charge, which included a mandatory minimum sentence of imprisonment of 10 years and a potential maximum sentence of life in prison. Movant was sentenced on May 2, 2005, which occurred after the issuance of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The Court stated it was not bound by the United States Sentencing Guidelines, but they were considered by the Court. The factors set forth in 18 U.S.C. § 3553(a) were also considered by the Court in sentencing Movant. The presentence report recommended a four-level increase in Movant's advisory guideline offense level for leadership in the conspiracy. Despite Movant's objection to the enhancement raised in the presentence report and at the sentencing hearing, the Court found it applicable, which resulted in an advisory guideline range of 135 to 168 months' imprisonment. The sentence imposed was 135 months' imprisonment.

In imposing sentence in this case, therefore, the Court recognized that the United States Sentencing Guidelines are advisory rather than binding. The Supreme Court held in *Booker*, that applying the Guidelines as advisory does not violate the Sixth Amendment. Thus, Movant's claim,

2

that his sentence violated his Sixth Amendment rights, lacks merit.  The claim that the four-level enhancement is unconstitutional is likewise without merit.  The Eighth Circuit held that, "the remedial opinion in *Booker* held that such judicial fact-finding for sentencing purposes does not violate the Sixth Amendment when made as part of an advisory Guidelines regime." *United States v. Vaughn*, 410 F.3d 1002, 1004 (8th Cir. 2005).  Defense counsel did not render ineffective assistance in failing to raise this meritless argument. *See Dyer v. United States,* 23 F.3d 1424, 1426 (8th Cir. 1994) (holding that a claim of ineffective assistance of counsel must fail where the Court rejects as meritless the claim movant asserts counsel should have pursued).  The final claim, that the Plea Agreement established a maximum sentence of 120 months, is likewise devoid of merit.  The Plea Agreement clearly states that the *mandatory minimum* sentence was 10 years in prison and that the *maximum* sentence was life in prison.  In conclusion, Movant is not entitled to relief on any of the grounds stated in his § 2255 motion and it will be denied.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability.  Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c).  A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Movant has not made a substantial showing of the denial of a constitutional right.  Accordingly,

IT IS ORDERED:

1.  That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is denied.

3

2.      That a Certificate of Appealability shall not issue on any of the issues raised
        in the § 2255 motion.

Dated this _____ day of March, 2006.

                              BY THE COURT:


                              _____
                              Lawrence L. Piersol
                              United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
      (SEAL)        DEPUTY

4